IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BLACK WARRIOR RIVERKEEPER, INC., | } } } | |
| Plaintiff, | } } | CIVIL ACTION NO. 07-AR-1392-S |
| v. | } } | |
| CHEROKEE MINING, LLC, | } } | |
| Defendant. | } | |

**MEMORANDUM OPINION AND ORDER**

Cherokee Mining, LLC ("CM") owns and operates the Praco Mine, located in Jefferson and Walker Counties. CM received notification from the Alabama Department of Environmental Management ("ADEM") on September 29, 2006 and on April 13, 2007 that the Praco Mine was committing effluent violations contrary to its NPDES permit, emitting pollutants into tributaries of the Black Warrior River. These violations of CM's NPDES permit constitute violations of the CWA, 33 U.S.C. §§ 1311 and 1342, and of corresponding provisions of Alabama law. ADEM conducted an on-site inspection of the Praco Mine on March 7, 2007 and issued a warning letter to CM which was received on March 12, 2007.

Black Warrior Riverkeeper, Inc. ("BWR"), a non-profit corporation dedicated to preserving the Black Warrior River and ensuring the enforcement of environmental laws, issued a 60-day notice on May 16, 2007 stating its intent to sue CM regarding the above-referenced effluent violations. This letter fully complied

1

with the CWA's notice requirements in its citizen suit provisions. *See* 33 U.S.C. § 1365(b)(1)(A). On July 20, 2007, CM received notification from ADEM that ADEM was commencing administrative enforcement proceedings against CM regarding the violations and proposing a consent order addressing the violations. On July 27, 2007, 72 days after it gave notice of its intent to sue, BWR filed the instant citizen suit in this court pursuant to the CWA's citizen suit provisions. *See* 33 U.S.C. § 1365. CM executed an administrative consent order with ADEM on August 3, 2007, and after a public notice and comment period, ADEM executed and thereby finalized the consent order on September 24, 2007.

CM has filed a motion to dismiss BWR's citizen suit, claiming that this court lacks subject matter jurisdiction because ADEM has commenced and is diligently prosecuting parallel state administrative enforcement proceedings. The CWA grants federal district courts limited jurisdiction to hear citizen suits, delineating specific situations in which the citizen suits can and cannot be heard. CM argues that this is a situation in which, according to the act, state administrative action preempts federal jurisdiction. Alternatively, CM argues that the doctrine of primary jurisdiction bars this court from currently hearing this case because a more specialized administrative agency is already addressing it, thus necessitating a stay pending the results of ADEM's administrative proceedings.

In opposition to CM's motion, BWR argues that ADEM's enforcement action does not fit within the CWA's jurisdictional bar

against citizen suits because ADEM is not diligently prosecuting the enforcement proceeding and because the Alabama statute under which the proceeding is operating is not sufficiently comparable to the CWA.  More convincingly, BWR notes that the CWA contains exceptions to the jurisdictional bar against citizen suits cited by CM and argues that one of those exceptions applies here and that as a result, this court retains jurisdiction over the suit.  Finally, BWR contends that the doctrine of primary jurisdiction is inapplicable here.

## DISCUSSION:

The Clean Water Act enables citizens to file an action against a private citizen or government entity that is alleged to have violated effluent standards laid out in the act.  The CWA vests jurisdiction over these suits in federal district court regardless of the citizenship of the parties or amount in controversy.  *See* 33 U.S.C. § 1365(a).  To file a citizen suit, the CWA requires that the complainant give notice of the alleged violation and of its intent to sue regarding that violation to the EPA Administrator, the state where the violation occurred, and the alleged violator.  *See id.* at § 1365(b)(1)(A).  The citizen suit may not be filed for sixty days after the notice has been given.  *See id.*

The CWA also contains a provision that bars citizen suits in certain situations.  It states, "any violation... with respect to which a State has commenced and is diligently prosecuting an action under a State law comparable to [the CWA]... shall not be the subject of a civil penalty action" in the form of a citizen suit.

33 U.S.C. § 1319(g)(6)(A)(ii).  Thus, if a state has already begun prosecuting violations such as this, a plaintiff may not use the CWA to duplicate that effort through a citizen suit.  However, the CWA goes on to specifically lift this bar on citizen suits if the suit was filed before state or federal agencies commenced action or if the citizen gave the required 60-day notice of its intent to sue before an agency commenced an action and the citizen followed up and filed suit in federal court by the 120th day after the notice was given.

To decide whether this court has subject matter jurisdiction over BWR's suit, it must first determine if the jurisdictional bar in § 1319(g)(6) applies.  A citizen suit will be barred if a state has commenced and is diligently prosecuting an administrative enforcement action before the citizen suit is filed.  Here, ADEM notified CM on September 29, 2006 and on April 13, 2007 of effluent violations.  ADEM also issued a warning letter to CM on March 12, 2007.  On July 20, 2007, ADEM sent another letter to CM, formally notifying CM of its violation, proposing an informal conference, and including a proposed consent order as a solution.  CM executed the consent order on August 3, 2007, and ADEM finalized it on September 24, 2007 after a requisite notice and comment period. The key question here is which, if any, of ADEM's actions constitutes "commencement" of an administrative enforcement proceeding under the CWA.  The Eleventh Circuit has noted that neither it nor the CWA has defined what actions constitute

4

"commencement" in this context but that most courts conclude that the issuance of an administrative consent order satisfies this requirement. *See McAbee v. City of Fort Payne*, 318 F.3d 1248, 1251 n.6 (11th Cir. 2003). In a case cited by the Eleventh Circuit in *McAbee*, the Eighth Circuit, in determining whether a state agency had "commenced" an enforcement action, held that "states are afforded some latitude in selecting the specific mechanisms of their enforcement program." *Ark. Wildlife Fed'n v. ICI Ams., Inc.*, 29 F.3d 376, 380 (8th Cir. 1994). Under Alabama law, an ADEM action is "commenced" in this manner:

> The department shall commence enforcement action under this paragraph by notifying the person subject thereto in writing of the alleged violation and affording the person an opportunity for an informal conference... concerning the alleged violation and any proposed order.

*Ala. Code* § 22-22A-5(18a)(1975). Therefore, under Alabama's mechanism for administrative enforcement actions, ADEM commenced the action in this case via letter on July 20, 2007.

The commencement date of July 20, 2007 is prior to the date that BWR filed suit, but for the CWA's jurisdictional bar to apply, CM must also establish that ADEM was "diligently prosecuting" this enforcement action. While the CWA does not define what constitutes "diligent prosecution," it appears that ADEM's following of its own procedures fulfills that requirement. In this case, in accordance with the relevant state statute, ADEM offered to have an informal conference with CM, proposed a consent order and invited CM to sign on to it, held a 30-day public comment period after CM executed the

5

consent order, and then executed the consent order after the public comment period, making the consent order official and its requirements applicable to CM.  Because these actions are in accordance with Alabama law governing the procedures of an administrative enforcement action, it would appear that ADEM is diligently prosecuting this action.  *See Ala. Code* § 22-22A-5(18a) (1975).  To decide otherwise would require a complicated mini-trial on this threshold issue.

Finding that ADEM's actions fulfill the CWA's jurisdictional bar requirements, the court turns to BWR's next contention.  For the bar to apply, the Alabama law under which this administrative action is being pursued must be "a State law comparable to this subsection," meaning the CWA.  33 U.S.C. § 1319(g)(6)(A)(ii).  The Eleventh Circuit has already addressed whether the relevant Alabama law is sufficiently comparable to the CWA to implicate the "diligent prosecution bar" regarding citizen suits.  In *McAbee*, 318 F.3d at 1256-57, the Eleventh Circuit found that a state statute must be only "roughly comparable" to the CWA to implicate this bar, but that at that time (2003), the Alabama statute did not meet this standard.  The court held that it failed to provide enough opportunity for the public to participate in the administrative process.  *See id.*  After that decision, Alabama amended its administrative procedures, expanding opportunities for public participation in ADEM's proceedings, primarily – and most importantly – prior to the issuance of final orders.  *See Ala. Code* § 22-22A-5(18a).

Arguing that Alabama law is not "roughly comparable" to the CWA, BWR points out that the Alabama Court of Civil Appeals has recently limited who can request a hearing after ADEM has issued a final order.  In *Alabama Department of Environmental Management v. Legal Environmental Assistance Foundation, Inc.*, No. 2060026, 2007 WL 1378283, at *5-*8 (Ala. Civ. App. May 11, 2007), the court found that, under Alabama law, pre-order participation in ADEM actions is open to the general public but that only "aggrieved" persons may seek a hearing before the Alabama Environmental Management Commission ("AEMC") after ADEM has issued a final order.  In other words, although anyone may comment to ADEM and/or request a hearing on a proposed order, after ADEM has officially executed an order, only members of the public who submitted a comment on the order in its proposed form and who are "injured [or] threatened with injury by an ADEM action" may seek a hearing before the AEMC.  *Id.* at *8.

Although this recent opinion does somewhat limit the newly-expanded public participation aspect of Alabama's statutory scheme, it does not diminish the broad rights of the general public to participate in and comment on ADEM's actions before ADEM issues an order, which was the Eleventh Circuit's primary concern in *McAbee*.  Therefore, it appears that the Alabama law meets the Eleventh Circuit's "rough comparability" standard, which is admittedly "not stringent."  *McAbee*, 318 F.3d at 1257.  Even with the Alabama Court of Appeals's recent interpretation, the 2003 amendments to ADEM's governing procedures ensure that Alabama law "provides interested citizens a meaningful opportunity to participate at significant

7

stages of the decision-making process." *Id.* (quoting *Ark. Wildlife Fed'n*, 29 F.3d at 381). Therefore, because ADEM had "commenced" and was "diligently prosecuting" an action under state law that is "comparable" to the CWA before BWR filed suit in this court, the CWA bar against citizen suits applies.

Because it has been determined that the jurisdictional bar against citizen suits found in 33 U.S.C. § 1319(g)(6)(A)(ii) applies, it becomes necessary to determine if an exception to this bar applies, giving this court jurisdiction and mandating the denial of CM's motion to dismiss. The CWA states:

> The limitations [on citizen suits] contained in subparagraph (A)... shall not apply with respect to any violation for which... (ii) notice of an alleged violation... has been given in accordance with [the requirements for citizen suits found in § 1365]... prior to commencement of an action under this subsection and [a citizen suit]... with respect to such alleged violation is filed before the 120th day after the date on which notice is given.

33 U.S.C. § 1319(g)(6)(B)(ii). Essentially, this exception to the bar on citizen suits applies if a citizen gives its 60-day notice of its intent to sue *before* an administrative enforcement action is undertaken and if the citizen suit is actually filed by the 120th day after notice was given. This exception applies even if an administrative enforcement action is commenced between the citizen's notice of intent to sue and the filing of the suit.

It is clear that the exception to the bar on this court's citizen suit jurisdiction is applicable to the fact situation here. BWR gave its 60-day notice of its intent to sue on May 16, 2007. As previously noted, under Alabama law, ADEM commenced its

8

administrative enforcement action on July 20, 2007. On July 27, 2007, 72 days after BWR filed notice of its intent to sue, obviously well within the 120 day time limit found in 33 U.S.C. § 1319(g)(6)(B)(ii), it filed a citizen suit in this court. Thus, because BWR has fulfilled the elements of the exception to the CWA's jurisdictional bar against citizen suits, this court has subject matter jurisdiction over the instant action.

CM, citing as its sole authority a district court case from the Eastern District of California, argues that this exception to the CWA's jurisdictional bar is inapplicable. It argues that because the exception requires that the 60-day notice of a citizen suit be given "prior to commencement of an action *under this subsection*," the exception only applies in instances where the administrative enforcement action in question has been undertaken by the EPA rather than by a state agency, because only the EPA can commence actions according to the procedures and rules found in 33 U.S.C. § 1319(g). *See Cal. Sportfishing Prot. Alliance v. City of West Sacramento*, 905 F. Supp. 792, 802 (E.D. Cal. 1995). In *California Sportfishing*, the court acknowledged that numerous other courts have assumed that this exception applies when both state and federal actions are at issue but concluded that those courts did not fully consider the wording of the section. *Id.* The court rejected plaintiff's position that the court's limited reading of the section would conflict with the overall policy of the statute, and, to the contrary, the court found that Congress may well have valued the autonomy of state enforcement actions over federal ones. *Id.*

As its authority for applying this exception, BWR cites an opinion from the District of Oregon which denied a motion to dismiss much like this one. *See Sierra Club v. Hyundai Am. Inc.*, 23 F. Supp. 2d 1177, 1180 (D. Or. 1997). There, the court, after citing the aforementioned California case, carefully considered and dissected the disputed language and found that it would be an inappropriate reading of the statute to apply the exception only to bar cases in which the federal government is instituting enforcement proceedings because the bar itself refers to both state and federal actions. *Id.* at 1182. The court found that the argument advanced by the California court and by CM

> fails to recognize the plain language of subparagraph (B) which lifts all the limitations found in subparagraph (A). Subparagraph (A) pertains to both federal *and* state actions. If this argument was adopted it would effectively read the purpose of the CWA out of subparagraph (B). This purpose is to lift the preclusive effect of subparagraph (A) when citizens give 60 days notice before filing suit and then file suit within 120 days, as required by section 1365(b)(1).

*Id.* (emphasis in original).

Although neither of these two interpretations of the language of § 1319(g)(6)(B)(ii) controls this court, the Oregon court is more convincing. Although a state may not institute an enforcement action via the procedures and rules laid out in § 1319(g), that subsection concerns state enforcement actions and sets conditions for citizen suits relating to them.

In addition to finding the reasoning of the Oregon court persuasive, every case found, other than *California Sportfishing*, that examines the effect of § 1319(g)(6)(B)(ii) interprets the exception to apply to citizen suits filed when the enforcement

10

action in question has been brought by the state rather than by the EPA.  *See, e.g., Lockett v. E.P.A.*, 319 F.3d 678, 688 (5th Cir. 2003)("The exception in § 1319(g)(6)(B)(ii) requires that notice be given 'prior to commencement of an action under this subsection' *by the state*.") (emphasis added); *Ark. Wildlife Fed'n*, 29 F.3d at 382 ("AWF relies on 33 U.S.C. § 1319(g)(6)(B)(ii), which provides that a citizen suit will be allowed, despite a *state administrative enforcement action*, if notice was served prior to the commencement of the state action and the citizen suit was filed within 120 days of the notice)(emphasis added); and *Sierra Club v. Colo. Refining Co.*, 852 F. Supp. 1476, 1484 (D. Colo. 1994) ("The provision further states that the bar does not apply if, before the commencement of the *state enforcement action*, the citizen-plaintiff has provided the required sixty-day notice and if the citizen-plaintiff thereafter files suit within 120 days after such notice.")(emphasis added).

     This exception has been similarly applied in the face of a state enforcement action by a fellow district court of the Eleventh Circuit.  In *Altamaha Riverkeepers v. City of Cochran*, 162 F. Supp. 2d 1368, 1369-70 (M.D. Ga. 2001), an environmental organization remarkably similar to BWR brought suit against the City of Cochran, Georgia, arguing that its wastewater treatment facility was violating its NPDES permit and polluting waterways.  That organization adhered to the requirements of the CWA, giving the obligatory 60-day notice of its intent to sue and then filing its citizen suit within 120 days of that notification.  *Id.* at 1373.

Like ADEM, the Georgia Department of Natural Resources, Environmental Protection Division, took action to bring the City of Cochran within its regulatory confines. *Id.* Although the City of Cochran made this argument in its response to the citizen-plaintiff's motion for summary judgment, like CM, it argued that because there the state regulatory agency had proposed a consent order and fined the city, the citizen suit was barred. *Id.* at 1371. The district court, however, applied the exception to the jurisdictional bar and noted that it could be applied notwithstanding federal or state action. *Id.* at 1373 ("Even if the EPA or the EPD [Georgia's environmental regulatory agency] does take action after receiving notice [of the citizen's intent to sue] but before the suit is filed, the suit may proceed if it is filed after the sixty day notice but within 120 days of the date notice was given.").

Based on the Oregon court's interpretation of the exception at issue and on the persuasive precedent of the numerous courts who have similarly applied the statute, it is proper to apply the exception to the CWA's jurisdictional bar found in 33 U.S.C. § 1319(g)(6)(B)(ii) here. Although the Supreme Court has noted that the "bar on citizen suits when governmental enforcement action is under way suggests that the citizen suit is meant to supplement rather than to supplant governmental action," *Gwaltney v. Chesapeake Bay Foundation*, 484 U.S. 49, 60, 108 S.Ct. 376, 383 (1987), Congress has, wisely or wrongly, carved out an exception

12

for citizen suits where the plaintiff has given sufficient notice and where regulatory agencies did not initiate action prior to the plaintiff's issuance of notice. *See* 33 U.S.C. § 1319(g)(6)(B)(ii). This was within the Congressional prerogative. Because this exception is applicable here, this court has subject matter jurisdiction over BWR's action, and CM's motion to dismiss is due to be denied.

CM alternatively invokes the doctrine of primary jurisdiction and asks this court to stay BWR's action pending ADEM's proceedings. According to the doctrine of primary jurisdiction, "a court of competent jurisdiction may dismiss or stay an action pending a resolution of some portion of the actions by an administrative agency" because the issues involved "have been placed within the special competence of an administrative body." *Smith v. GTE Corp.*, 236 F.3d 1292, 1298 n.3 (11th Cir. 2001) (internal citations and punctuation omitted). As stated, Congress has specifically authorized federal district courts to hear controversies such as this, even in the face of administrative action by a state agency. Other federal district courts have refused to stay or dismiss CWA citizen-suits even when a party invokes the doctrine of primary jurisdiction. *See, e.g., La. Envtl. Action Network v. LWC Mgmt. Co.*, No. 07-0595, 2007 WL 2491360, *7 (W.D. La. Aug. 14, 2007)("Moreover, numerous courts have held that the doctrine of primary jurisdiction is inapplicable to environmental citizen suits under statutes such as the CWA.");

*Swartz v. Beach*, 229 F. Supp. 2d 1239, 1274 (Wyo. 2002) (finding the doctrine of primary jurisdiction inapplicable when jurisdiction over a citizen suit has been properly established under the CWA); and *Wilson v. Amoco Corp.*, 989 F. Supp. 1159, 1169-70 (Wyo. 1998) (declining to exercise the doctrine of primary jurisdiction regarding a CWA citizen suit because the court was sufficiently competent to entertain it and because Congress explicitly commissioned federal district courts to hear such suits). *See also U.S. Pub. Interest Research Group v. Atl. Salmon of Maine, LLC*, 339 F.3d 23, 34 (1st Cir. 2003); *Cal. Sportfishing*, 905 F. Supp. at 807 n.21. Because the question of a stay is a matter for the court's discretion, and because the court cannot intelligently rule without knowing more about the ADEM proceeding and the remedies it affords, CM's alternative request to stay the instant proceedings pursuant to the doctrine of primary jurisdiction will be deferred until ADEM is notified of this suit and is permitted to express its view on the subject.

**CONCLUSION:**

BWR's citizen suit is not barred by the jurisdictional provisions of the CWA. Prior to the commencement of the ADEM proceeding, BWR properly gave notice of its intent to sue, and it then filed the instant suit within 120 days of that notice. This renders applicable the exception to the jurisdictional bar in place when a state agency like ADEM has instituted an enforcement action prior to the filing of a citizen suit. Because BWR falls within

this exception, this court may properly exert its subject matter jurisdiction over the instant case.  The doctrine of primary jurisdiction is a matter for an exercise of this court's discretion.  Although Congress specifically vested in federal district courts the authority to hear such cases even in the face of administrative action, it did not make it mandatory for the federal court to ignore or duplicate state enforcement efforts.  Thus, CM is entitled to a temporary stay while ADEM is notified and files a statement of its position.

    The Clerk is directed to forward a copy of this opinion and order to ADEM.  ADEM shall have 30 days within which to file a statement of its position on this matter.  The parties shall then have 14 days to respond to ADEM's position, after which the court will rule on CM's motion for a stay for the duration of ADEM's enforcement action.  Defendant's motion to dismiss for lack of subject matter jurisdiction is DENIED.

    DONE this 19th day of December, 2007.

                                                  _____
                                                  WILLIAM M. ACKER, JR.
                                                  UNITED STATES DISTRICT JUDGE